Submitted August 1, 2022, affirmed February 8, 2023

In the Matter of K. R. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

K. R. C.,
*Respondent,*

*v.*

W. L. J.-E.,
*Appellant.*

Yamhill County Circuit Court
21JU01659; A178163

524 P3d 989

Father appeals a judgment terminating his parental rights to his daughter, K. He argues that the Department of Human Services (DHS) failed to prove by clear and convincing evidence that he is presently unfit. He further argues that DHS failed to prove that terminating his parental rights is in K's best interest and suggests that a guardianship allowing his contact with K would be preferable. *Held*: Evidence of father's conditions, including substance abuse and mental health disorders that are seriously detrimental to K, provide clear and convincing evidence that father is unfit. Those conditions, along with father's history of poor compliance with treatment and judicial orders regarding his conduct, suggest that he would not comply with a guardianship arrangement. Accordingly, termination of father's parental rights is in K's best interest.

Affirmed.

Ladd J. Wiles, Judge.

George W. Kelly filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Ginger Fitch and Youth, Rights & Justice filed the brief for respondent child.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Father appeals a judgment terminating his parental rights to his daughter, K. He argues that the Department of Human Services (DHS) failed to prove by clear and convincing evidence that he is presently unfit and that reunification within a reasonable time is improbable, and also failed to prove that termination of his parental rights is in her best interest. On *de novo* review, we conclude that clear and convincing evidence supports the juvenile court's judgment. Therefore, we affirm.

We recount only those facts necessary to explain our ruling. At the time of K's birth in 2018, father was in prison, and DHS became involved because K was born drug affected.[1] Father's paternity was established when K was a year old and, after father's release from custody in 2020, he stipulated to juvenile court jurisdiction on various grounds. The petition at the time of the termination trial alleged that reunification was not possible within a reasonable time due to circumstances including father's mental illness, substance abuse, and failure to adjust his circumstances and acquire the necessary parenting skills.

Dr. Clausel conducted a psychological evaluation of father in 2019 and reached a diagnosis of antisocial personality disorder, unspecified neurodevelopmental disorder, persisting drug-induced psychotic disorder with auditory hallucinations, and polysubstance dependence. Clausel opined then and again at trial that father's prognosis for these long-standing issues, which also included a history of physical maltreatment and neglect of other children in his care, was poor.

Following his release from custody, father failed to engage in DHS service requirements or the directives of his post-prison supervision, continued to use methamphetamine, rarely complied with urinalysis (UA) requirements, and offered excuses for positive UAs that the trial court characterized as "horrible lies." Father missed several of his scheduled visits with K, was late and not "cognitively

---

[1] Mother relinquished her parental rights in 2021 and is not a party to this appeal.

present" for those he did attend, occasionally appeared to be under the influence and declined to engage in parenting classes. Father's new wife testified that he was making positive changes shortly before trial, but the trial court found that that testimony was not credible and noted that a substance abuse counselor who testified for father could only speak to very recent engagement with treatment. Both the juvenile court and Clausel observed that father appeared to be impaired by substances at trial.

K has been in the care of her resource parent, with whom she has strongly bonded and who wishes to adopt her, since she was four months old. She has significant special needs, including gross and fine motor delay, vision and ear issues, and a genetic chromosomal duplication, and may develop additional issues as a result of having been born drug affected. She does not have a significant attachment to father.

Under ORS 419B.504, a court may terminate parental rights based on a finding that a parent is "unfit by reason of conduct or condition seriously detrimental to the child *** and integration of the child *** into the home of the parent *** is improbable within a reasonable time due to conduct or conditions not likely to change." We are persuaded that clear and convincing evidence establishes that father is unfit by reason of conditions that are seriously detrimental to K, including substance abuse and multiple untreated mental health disorders such as antisocial personality disorder. Further, given the intractable nature of father's personality disorder, as shown by his failure to make meaningful progress on the barriers to his ability to become a fit parent since K's birth, we conclude on *de novo* review that none of father's conditions is likely to change.

Father argues that, in all events, termination would not be in K's best interest and that a permanent guardianship would be better because it would allow K to remain in contact with him. However, given father's history and particular afflictions, including substance abuse and antisocial personality disorder, and his poor compliance with treatment, we share the trial court's concern that father would not respect boundaries and cooperate with a guardianship

arrangement. Father has a history of being unable or unwilling to conform to societal expectations and judicial orders regarding his conduct. He violated an order prohibiting conduct with his older children who were removed from his care and has been in regular violation of probation and post-prison supervision. There are reasons to fear that confusion and disruption would occur that would not be in K's best interest, even though father could not undo the guardianship itself. Under these circumstances, termination of father's parental rights is in K's best interest.

Affirmed.