No. 333            May 22, 2024            659

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. L.-O P.,
aka C. P., a Child.

DEPARTMENT OF HUMAN SERVICES,
Petitioner-Respondent,
*and*
C. L.-O P.,
aka C. P.,
*Respondent,*

*v.*
L. P.,
aka L. P.,
*Appellant.*
Petition Number 2023008;
A182318 (Control)

In the Matter of O. V.-J. P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*
O. V.-J. P.,
*Respondent,*

*v.*
L. P.,
aka L. P.,
*Appellant.*

Multnomah County Circuit Court
23JU00166;
Petition Number 2023010;
A182320

Morgan Wren Long, Judge.

Argued and submitted April 12, 2024.

Holly Telerant, Deputy Public Defender, argued the
cause for appellant. Also on the briefs was Shannon Storey,

Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Christa Obold Eshleman argued the cause for respondents C. L.-O P. and O. V.-J. P. Also on the brief was Youth, Rights & Justice.

Kyleigh Gray argued the cause for respondent Department of Human Services. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General.

Before Tookey, Presiding Judge, Hellman, Judge, and Kistler, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this consolidated termination of parental rights (TPR) case, father appeals from the judgments that terminated his parental rights to his children O and C. On appeal, he challenges both the juvenile court's determination that he was unfit at the time of the TPR proceedings and the juvenile court's determination that termination was in the children's best interests.

To terminate parental rights, the Department of Human Services (DHS) must prove by clear and convincing evidence that termination of parental rights is in a child's best interests. ORS 419B.500. We review *de novo* to determine whether that standard was met. *Dept. of Human Services v. D. F. R. M.*, 313 Or App 740, 741, 497 P3d 802, *rev den*, 368 Or 702 (2021). In that review, we "giv[e] considerable weight to the trial court's demeanor-based credibility findings." *State ex rel Dept. of Human Services v. J. S.*, 225 Or App 115, 128, 200 P3d 567, *rev den*, 346 Or 157 (2009).

A detailed recitation of the facts would not benefit the parties, bench, or bar. Having engaged in *de novo* review, we first determine that father was unfit at the time of the TPR proceedings. Clear and convincing evidence demonstrates that at the time of the TPR proceedings father had not developed the skills needed to be a minimally adequate parent for O and C, especially given the nature and specifics of their high needs. In addition, clear and convincing evidence in the record makes it highly probable that father would continue to be unable to protect the children from mother, notwithstanding father's testimony that he had ended his relationship with mother. Moreover, given the length of time the children have been in care, the services provided to father, and father's minimal level of engagement with and progress in those services, clear and convincing evidence demonstrates that the issues which led to the juvenile court's jurisdiction over the children cannot be resolved within a reasonable amount of time for the children to return to his care.

Finally, clear and convincing evidence demonstrates that termination is in the children's best interests. In

reaching that conclusion, we have given serious consideration to the parties' arguments relating to the strong bond and love between father and the children, the significant racial and cultural issues presented because the children are Black children and the potential adoptive family is white, and the availability of a permanent guardianship, which can also fulfill a child's need for permanency in some cases. *D. F. R. M.*, 313 Or App at 745; *see also Dept. of Human Services v. M. C. C.*, 332 Or App 565, 569, ___ P3d ___ (2024) (recognizing "the potential role of a biological parent in passing along important aspects of cultural identity"). However, after balancing the "children's interest in maintaining a legal connection to father and the children's interest in being freed for adoption in the context of the grounds on which we have found father unfit," we determine that the balance in these specific circumstances weighs in favor of termination. *Dept. of Human Services v. C. P.*, 285 Or App 371, 381, 396 P3d 278, *rev den*, 362 Or 94 (2017).

Unlike in *D. F. R. M.*, 313 Or App 740, the record here indicates that there would likely be disruption in any permanent guardianship, which would not be in the children's best interests. *See Dept. of Human Services v. W. L. J.-E.*, 324 Or App 121, 124-25, 524 P3d 989 (2023) (finding that termination of parental rights was in a child's best interest where the record demonstrated that there would be continuing disruption in a guardianship arrangement). Father could not seek to alter a permanent guardianship, ORS 419B.368(7), but O and C could, and the record demonstrates a likelihood that they would face pressure to do so. Other members of O and C's biological family to whom O and C were close interfered with O and C's current placement and put pressure on O and C to return to father's care. Although father did not take those actions, he did not intervene to stop them from repeatedly occurring, and the record demonstrates that the pressure would continue. Moreover, severing father's legal relationship with the children need not mean that he will not have any relationship with them, given the resource parents' demonstrated commitment to fostering a relationship between father and the children so long as that can be done in a way that protects the children's need for a stable placement. That need will be best served

under the circumstances presented here by terminating father's parental rights.

Affirmed.