No. 410 May 13, 2026 587

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. R. R. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. E.,
*Appellant.*

Jackson County Circuit Court
24JU01821; A188616 (Control)

In the Matter of C. D. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. E.,
*Appellant.*

Jackson County Circuit Court
24JU01822; A188617

David J. Orr, Judge.

Submitted March 19, 2026.

G. Aron Perez-Selsky filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

In Case No. A188616, affirmed. In Case No. A188617, affirmed.

**EGAN, J.**

Mother appeals judgments terminating her parental rights to her children, R and D, who were six and five years old respectively at the time of the termination of parental rights trial.[1] On appeal, mother does not challenge the juvenile court's determinations regarding statutory grounds for termination or parental unfitness. She assigns error only to the court's determination that terminating her parental rights is in the children's best interests under ORS 419B.500. On *de novo* review, we affirm.

*Standard of Review.* "We review the record in proceedings for termination of parental rights *de novo*, ORS 19.415(3)(a), and determine anew whether to terminate parental rights," *Dept. of Human Services v. J. M. A.*, 333 Or App 334, 336, 554 P3d 263 (2024). Under that standard, and given mother's arguments on appeal, we examine the record "with fresh eyes to determine whether the evidence developed below persuades us" that termination is in the child's best interests. *Dept. of Human Services v. K. T.*, 334 Or App 55, 62, 554 P3d 832, *rev den*, 372 Or 787 (2024). Although our review is *de novo*, we give considerable weight to demeanor-based credibility determinations made by the juvenile court because the trial judge had the opportunity to observe the witnesses and evaluate their testimony firsthand. *Dept. of Human Services v. T. L. B.*, 294 Or App 514, 516, 432 P3d 343 (2018), *rev den*, 365 Or 556 (2019). Our role therefore is largely the same as the juvenile court in evaluating whether the record supports termination. *Dept. of Human Services v. A. D. G.*, 314 Or App 290, 293, 499 P3d 139 (2021).

*Background.* R was born in August 2019. D was born in June 2020. The children were taken into protective custody in March 2022 following concerns regarding neglect, parental substance use, and exposure to domestic violence. At the time of removal, mother was in Arizona, where her four older children resided, and she remained there until early April 2022.

---

[1] The appeals in Case No. A188616 and Case No. A188617 have been consolidated only for purposes of opinion and otherwise remain separate cases.

The juvenile court took dependency jurisdiction in June 2022 based on both parents' substance abuse, father's mental health concerns, and the children's exposure to a chaotic and volatile home environment in which mother had been verbally abusive. The children were placed with the Jansens, who became their designated adoptive placement.[2]  Mother was ordered to engage in services, including substance abuse treatment, mental health treatment, and anger management.

Mother did not meaningfully engage in those services and remained inconsistent in her contact with the Oregon Department of Human Services (ODHS). She denied having a substance abuse problem, despite a positive methamphetamine test at D's birth, and she declined treatment because she believed it was unnecessary. During the pendency of the case, mother was convicted of menacing constituting domestic violence, reckless driving, and recklessly endangering another person after attempting to run father over with a vehicle. Although subject to a no-contact order as a condition of probation, she continued contact with father and served a 40-day sanction for violating that condition. At the time of trial, she also had pending criminal charges involving identity theft, second-degree theft, and delivery, manufacture, and possession of methamphetamine.

Meanwhile, the children have lived with the Jansens since March 2022 and view them as their primary caregivers. Mr. Jansen testified that he and his wife wished to adopt the children while preserving their relationship with their biological parents when safe and appropriate but expressed concern about mother's substance use and stability.

Psychologist Kathryn Coghlan diagnosed both children with developmental and trauma-related conditions and emphasized their need for a stable and permanent home, concluding that permanency should be achieved as soon as legally possible. Caseworker Danielle Rouhier similarly testified that the children require consistent, skilled caregiving and that adoption would provide the legal authority necessary to maintain boundaries and ensure stability.

---

[2] Mr. Jansen is a mental health therapist, who has been friends with father for over thirty years.

On August 11, 2024, the Jackson County Circuit Court entered the judgments. In its ruling, the trial court determined, among other things, that termination of mother's parental rights was in the children's best interest. That determination, in large part, turned on the court's credibility findings. The court found that father had committed perjury during his testimony and that mother's "credibility is diminished by the other evidence" that the court heard, notably due to the criminal cases and statements she made to the ODHS worker.

*Discussion.* Even when statutory grounds for termination have been established, termination may occur only if it is in the child's best interests. *Dept. of Human Services v. A. D. G.*, 314 Or App 290, 293, 499 P3d 139 (2021). The best-interest inquiry is child-centered and must account for the particular circumstances and needs of the child. *Dept. of Human Services v. J. S. E. S.*, 315 Or App 242, 244, 501 P3d 556 (2021), *rev den*, 369 Or 209 (2022). Considerations that inform the best interests inquiry include "(1) the strength of the bond between the parent and child; (2) whether severing that bond will help or harm the child; (3) the benefits to the child of terminating parental rights; and (4) the risk of harm to the child posed by termination." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022).

The record demonstrates that the children share a bond with mother. They refer to her as "mom," and the evidence reflects affectionate interactions during visits. However, the record also demonstrates that the children have lived with the Jansens since March 2022 and view them as their primary caregivers as much as they view mother and father as primary caregivers. Although mother has consistently visited the children weekly, she has not parented them for about four years. The juvenile court also found that the Jansens intend to maintain the children's relationship with their parents when doing so is safe and appropriate, noting Mr. Jansen's credibility by "virtue of his expertise in mental health." That finding rests in part on the court's demeanor-based credibility determination regarding Jansen's testimony, which we give considerable weight. *T. L. B.*, 294 Or App at 516.

The record further supports the juvenile court's conclusion that adoption provides the children with a level of stability that guardianship likely would not. The court expressed concern that the parents might attempt to disrupt guardianship by influencing the children to challenge it as they grow older—referring to its credibility findings as to parents. Similar concerns have supported termination in other cases where the record demonstrated difficulty complying with court orders or respecting boundaries. *See Dept. of Human Services v. W. L. J.-E.*, 324 Or App 121, 124-25, 524 P3d 989 (2023) (finding that termination of parental rights was in a child's best interest where the record demonstrated that there would be continuing disruption in a guardianship arrangement). The trial court also found that the parents had failed to take advantage of the opportunity for reunification when ODHS offered it earlier in the proceedings. That finding also weighs in favor of terminating the parents' parental rights.

The children's need for stability and permanency is particularly significant in light of the evidence regarding their developmental and emotional needs. Coghlan testified that both children experienced early trauma and require a stable and predictable environment to support their development. Rouhier likewise testified that the children require attentive and skilled caregivers capable of meeting their needs consistently.

Adoption by the Jansens provides the children with a permanent home while preserving the possibility of continued contact with their parents when safe and appropriate. As we have recognized, the existence of an identified adoptive placement is relevant to the best-interest determination in a termination case. *Dept. of Human Services v. M. H.*, 306 Or App 150, 161, 164 n 7, 473 P3d 1152 (2020); *see also Dept. of Human Services v. R. J. T.*, 229 Or App 619, 641-42, 214 P3d 1, *rev den*, 347 Or 43 (2009) (taking into consideration that foster parents, who had provided stability for the child and who the child viewed as her parents, wished to adopt the child, in determining that termination was in the child's best interest, even though continuing contact with the mother may be beneficial).

*Conclusion.* Having reviewed the record and made our own findings *de novo*, we conclude that the benefits to the children of achieving permanency through adoption out-weigh the potential harm associated with terminating the legal relationship with mother.

In Case No. A188616, affirmed. In Case No. A188617, affirmed.